**UNITED STATES BANKRUPTCY COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

Case No.: 23-16852 RAM
Chapter 11

In re:

**Innovative Genomics, LLC**
                    Debtor.

_____/

### UNITED STATES TRUSTEE'S EXPEDITED MOTION TO CONVERT OR DISMISS CASE AND SHORTEN NOTICE

*[Expedited Hearing Requested: The Debtor has accumulated approximately $430,000 in unpaid post-petition payables in four months since the filing of the cases, depleted the account receivables without generating new receivables, and available cash is insufficient to sustain continued business operations. Any further delay will be prejudicial to creditors].*

The United States Trustee for Region 21 (the "UST") respectfully submits this Expedited Motion to Convert or Dismiss the Chapter 11 case of Innovative Genomics, LLC (the "Debtor") pursuant to 11 U.S.C. § 1112(b) and Shorten Notice, and in support thereof states as follows.

### RELEVANT BACKGROUND

1.      On August 28, 2023, the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 (ECF 1).

2.      On August 29, 2023, Maria Yip was appointed subchapter V trustee (ECF 10).

3.      The First Meeting of Creditors was held and concluded on September 29, 2023 (ECF 53).

4.      According to the Case Management Summary the Debtor owns and operates a genetic disease and infectious disease testing company (ECF 13).

5.      At the time of filing, the Debtor had $321,771.91 on deposit in various bank accounts (ECF 39). The Debtor also scheduled $1,571,401.00 in account receivables (after discounting $1,978,887 in doubtful or uncollectible accounts), $47,496.38 in office furniture, fixtures and equipment, and an additional $588,271.13 in machinery and equipment (ECF 39).

6.      The Debtor scheduled $2,715,690.54 in secured claims and $1,213,053.68 in unsecured claims in its Bankruptcy Schedules and Statement of Financial Affairs (ECF 39).

7.      On November 27, 2023, the Debtor filed its Plan of Reorganization For Small Business Under Chapter11 (ECF 73) (the "Plan").

8.      The Plan consists of 7 classes of secured claims, one class of unsecured creditor claims and an equity class.

9.      The Debtor is proposing payment to the 7 secured classes in full from operational funds (except class 4 – Lake City Medical Properties - which claim shall be converted to equity) under the Plan. However, the projections attached as Exhibit B to the Plan, which projections exceed any revenues generated during business operations in the chapter 11, only includes payment to classes 2 and 3, Simmons Bank.

10.      The Debtor proposes to pay unsecured creditors disposable income under the Plan and estimates "disposable income" in the first year of the Plan, on a cumulative basis of $158,410.00. However, the revenue projections exceed the operational  performance during the chapter 11 and fails to account for payments to the other secured claims (classes 1, 5, 6 and 7) or the $436,205.00 in unpaid post-petition payables as of December 31, 2023 (ECF 95). The projections are not credible.

2

11.     After four months of operations in chapter 11, the account receivables have been reduced to $113,919.00 (ECF 95) (a reduction of $1,457,482.00 in account receivables since August 2023), while cash deposits, which had opening balance of $327,771.91 on the date of filing, are now $67,198.56, as of December 31, 2023, a reduction of $260,573.35 in cash on hand in a period of four months.

12.     While operating in chapter 11 for just four months, Debtor's cash declined by $260,573.35, and the Debtor accrued $436,205.00 in unpaid post-petition payables as of December  31, 2023 (ECF 95).

13.     When combined with the ending cash balance, the accrued unpaid post-petition payables result in a combined negative cash flow position of $696,778.35.

14.     At the same time the Debtor was incurring $696,778.35 in negative cash flow, account receivables were reduced by $1,457,482.00, leaving an account receivable balance of $113,919.00 as of December 31, 2023.

15.     The Debtor's dire financial position is made worse by the inconsistencies in the Debtor's monthly financial reporting. The Debtor's November Monthly Operating Report discloses account receivables in the amount of $873,229 (ECF 85), but the December Monthly Operating Report reflects collections of $441,458.85 with the balance of the remaining account receivables listed at $113,919.00, which leaves $317,851.00 in account receivables unaccounted for between November and December 2023.

16.     The Debtor's operations have not improved during the pendency of this case, and in fact, have worsened significantly. The Debtor's cash flow has steadily declined, receivables were depleted, payables increased and now the accuracy of the Debtor's financial reporting is in question. The Debtor's case should be converted to chapter 7 to

allow an independent fiduciary to be appointed to examine the financials and actions of the

Debtor and its officers.

## I.   DISMISSAL OR CONVERSION OF THE CASE IS APPROPRIATE.

Dismissal or conversion of Chapter 11 cases are governed by Section 1112(b) of the

Bankruptcy Code, which provides that a bankruptcy court shall convert or dismiss a case,

whichever is in the best interests of creditors and the estate, if the movant establishes cause.  *See*

11 U.S.C. § 1112(b).  The term "cause" is not defined by the Bankruptcy Code, but Section

1112(b)(4) lists sixteen (16) examples of cause which justify conversion including, but not

limited to, the following:

> (A) substantial or continuing loss to or diminution of the estate and the absence of
> a reasonable likelihood of rehabilitation;
> (B) gross mismanagement of the estate;
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to
> the public;
> (D) unauthorized use of cash collateral substantially harmful to 1 or more
> creditors;
> (E) failure to comply with an order of the court;
> (F) unexcused failure to satisfy timely any filing or reporting requirement
> established by [the Bankruptcy Code] or by any rule applicable to the case under
> [Chapter 11];
> (G) failure to attend the meeting of creditors convened under section 341(a) or an
> examination ordered under rule 2004 of the Federal Rules of Bankruptcy
> Procedure without good cause shown by the debtor;
> (H) failure timely to provide information or attend meetings reasonably requested
> by the United States trustee (or the bankruptcy administrator, if any);
> (I) failure timely to pay taxes owed after the date of the order for relief or to file
> tax returns due after the date of the order for relief;
> (J) failure to file a disclosure statement, or to file or confirm a plan, within the
> time fixed by this title or by order of the court;
> (K) failure to pay any fees or charges required under chapter 123 of title 28;
> (L) revocation of an order of confirmation under section 1144;
> (M) inability to effectuate substantial consummation of a confirmed plan;
> (N) material default by the debtor with respect to a confirmed plan;
> (O) termination of a confirmed plan by reason of the occurrence of a condition
> specified in the plan; and

(P) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.SC. § 1112(b)(4).  The examples set forth in this subsection are meant to be nonexclusive. *See In re Global Shipments, LLC*, 391 B.R. 193, 204–05 (Bankr. S.D. Ga. 2007).

In this case, the record supports a finding of cause, at a minimum, under Sections 1112(b)(4)(A)and (B).

The case has been ending for five (5) months and the Debtor's cash flow has been negative throughout the pendency of the case. The Debtor depleted over $1.4 million in account receivables during the first four months of the case while not generating new receivables. In addition to depleting the available cash, the Debtor has accrued $430,296.00 in unpaid post-petition payables. The Debtor's Plan projections are not credible, and the Plan fails to provide payment to several of the identified classes.  Therefore, pursuant to 11 U.S.C. § 1112(b) in general as well as Sec. 1112(b)(4)(A) and (B), the above detailed actions alone are sufficient cause for dismissal or conversion of a Chapter 11 case. The United States Trustee recommends conversion of the case and reserves the right to present additional examples and evidence for cause to dismiss or convert this case at a hearing to consider this matter.

In the event the Debtor contests the motion, the United States Trustee reserves the right to supplement this motion and provide additional grounds in support conversion or dismissal of this chapter 11 case.

The United States Trustee believes that the facts set forth in the Motion warrant this Court to reduce the required noticing period pursuant to Rules 2002 and 9006 of the Federal Rules of Bankruptcy Procedure and to set this hearing on shortened notice.

   **WHEREFORE**, based upon the foregoing, the UST respectfully requests that this Court

enter of an order dismissing the case with prejudice or converting the case; to shorten notice of

hearing pursuant to Rules 2002 and 9006 and grant such other further relief as may be just and

proper.

                                                          Respectfully submitted,

                                                          Mary Ida Townson
                                                          United States Trustee, Region 21
                                                          _____ /s/ _____
                                                          Steven D. Schneiderman
                                                          Trial Attorney

 Office of the U.S. Trustee
 51 SW First Street, Room 1204
 Miami, Florida 33130

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the attached **UNITED STATES TRUSTEE'S MOTION TO CONVERT OR DISMISS CASE was** sent via CM/ECF to those parties denoted by an * and via U.S. Mail, properly addressed and with correct postage to the following:

**\*Alan R Rosenberg**   arosenberg@mrthlaw.com,
gruiz@mrthlaw.com,jgarey@mrthlaw.com,ycandia@mrthlaw.com,mrthbkc@gmail.com,
msalazar@mrthlaw.com

**\*R Scott Shuker**   rshuker@shukerdorris.com,
rshuker@shukerdorris.com;mfranklin@shukerdorris.com;bankruptcy@shukerdorris.com;
atillman@shukerdorris.com;lstricker@shukerdorris.com

**\*Suzanne Ashelle Singer**   ssinger@rumberger.com,
swilliams@rumberger.com;bchandler@rumberger.com

**\*Lauren Stricker**   lstricker@shukerdorris.com,
bankruptcy@shukerdorris.com;atillman@shukerdorris.com;mdorris@shukerdorris.com;
mfranklin@shukerdorris.com;rshuker@shukerdorris.com

**\*R Scott Williams**   swilliams@rumberger.com,
docketingorlando@rumberger.com;swilliamssecy@rumberger.com;ldowner@rumberger.
com;mcourtney@rumberger.com;mbarnette@rumberger.com

**\*Maria Yip**   trustee@yipcpa.com,
mmy@trustesolutions.net;cmmy11@trustesolutions.net

**\*Eric B Zwiebel**   eric.zwiebel@emzwlaw.com, eservice@emzwlaw.com

**AMEX TRS Co., Inc.**
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

**Frederick Darrell Clarke**
2001 Park Place Suite 1300
Birmingham, AL 35203

Done this the 1st day of February 2024.

I hereby certify that I am admitted to the Bar of the State of Illinois and I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and2090(C)(3) pertaining to attorneys representing the United States government.

_____/s/_____

Steven D. Schneiderman
Trial Attorney

7